

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Mr. Giles:

Opinion No. O-2696
Re: Legality of proposed
method of handling
Special Land Board
Funds provided for in
Article 5330a.

⋅ You have requested our opinion upon the
legality of a proposed method you desire to use in
the handling and disbursement of the special fund accru-
ing from examination fees provided for in Chapter 185,
Acts of 1931, 42nd Legislature; Article 5330a, Vernon's
Annotated Civil Statutes.

Article 5330a, enacted in 1931, offers for
sale all of the land situated along the 100th degree
of West Longitude along the east side of the Panhandle
of the State of Texas and the west side of the State
of Oklahoma, which lands were adjudged to be located
in the State of Texas by final decree of the Supreme
Court of the United States entered March 17, 1930, in
the case of the State of Oklahoma v. The State of
Texas.

The Act sets forth conditions and regulations
which shall govern the sale of such land, and in Section
2 provides as follows:

"The Commissioner of the General Land
Office, the Attorney General, and the Governor,
are hereby designated and constituted a Special
Land Board to ascertain the persons entitled
to purchase said lands. Said Board is hereby
authorized to employ as many as three persons,

if deemed necessary, to assist in ascertaining the bona fide claimants of said lands as shown by the public records and under the laws of the State of Oklahoma, and to make such surveys and investigations as may be necessary to carry out the provisions of this Act, and said Board is hereby authorized to adopt such rules, regulations and forms as it may deem expedient."

Section 5, in part, provides:

"Any claimant to any portion of said lands who would have had title to same had it been located in Oklahoma, may make application to the Commissioner of the General Land Office to purchase the land claimed. Such application shall be accompanied by field notes of the tract claimed, together with a filing fee of One ($1.00) Dollar, an examination fee of Fifteen (.15$\cent$) Cents per acre, and with such other information as the Land Board may require to be given, including certified copies of all muniments of title under the laws of Oklahoma."

Section 6 provides:

"The examination fees provided for in Section 5 of this Act shall be deposited in a special fund to the credit of the Land Board created in Section 2 of this Act, and said funds shall be used to defray the expenses incident to the enforcement of this Act. This fund shall be disbursed by the Board with vouchers drawn on the State Treasurer and signed by the Governor and countersigned by the Land Commissioner. Any sum remaining in such fund after all expenses have been paid shall be transferred to the Permanent School Fund. The amount of money accruing to the State of Texas for the sale of the land as provided for in Section 3 hereof shall be placed to the credit of the Permanent School Fund."

The method you desire to apply in the handling of the examination fees provided for in Section 3 is stated in your letter as follows:

". . .it is our desire to place each

applicant's remittance of examination fees
to this office to the credit of the attorneys
duly appointed by the Special Land Board, with
the State Treasurer, in a suspense account
known as a 'Special Land Board Suspense Account'.
Then upon a final determination of the amount
due each attorney for the services performed
we would direct the State Treasurer, by a
voucher duly signed by the Governor and counter-
signed by the Land Commissioner, to pay the re-
spective sums due each attorney, and likewise
any other accounts due against said fund."

The Legislature has not, within the last two
years, specifically appropriated the special fund created
by such examination fees to the purposes for which they
are authorized to be used by Article 5330a.

The question presented is whether or not the
method proposed for disbursing the fund in question is
in violation of Article 8, Section 6 of the Texas Con-
stitution, which provides that:

"No money shall be drawn from the Treasury
but in pursuance of specific appropriations made
by law; nor shall any appropriation of money be
made for a longer term than two years, * * *"

The previous opinions of this department are
unanimous in holding that special funds, substantially
similar in nature to the fund provided for by Article
5330a, are subject to the provisions of Article 8,
Section 6 of the Constitution, for the reason that such
funds constitute "money drawn from the Treasury" within
the meaning of the constitutional provision, and that
such funds can only be disbursed by specific appropriation
effective for a term no longer than two years.

In Opinion No. O-700 of this department, ad-
dressed to Honorable E. H. Thornton, Jr., Chairman, Com-
mittee on Appropriations, House of Representatives, dated
May 5, 1939, this question was exhaustively reviewed with
respect to a great number of special funds created by
the Legislature, many of which funds are substantially
similar to the Examination Fee Fund provided in Article
5330a. It was there held that a specific appropriation
was necessary for such special funds before they could
legally be disbursed.

Hon. Basoom Giles - Page 4

In Opinion No. 0-320 of this department, dated May 4, 1939, addressed to Honorable Joe Kunschik, Commissioner of Labor, it was decided that a special fund designated by the Legislature as the State Boiler Inspection Fund could not be disbursed without a specific appropriation and that such appropriation could not be effective for more than two years in the future.

The same holding was made in Opinion No.0-1176, approved August 23, 1939, addressed to Honorable Walter C. Woodward, Chairman, Board of Insurance Commissioners, with respect to examination fees accruing from insurance companies which had been examined by the Board of Insurance Commissioners.

A copy of Opinion No. 0-320 referred to above is herewith enclosed. Copies of the other opinions referred to will be made available to you, should you desire them. A repetition of the argument and citation of authorities included in those opinions will not be made here. In view of those opinions, which we believe to be correct, we must advise you that the examination fee fund in question is State money within the meaning of Article 8, Section 6 of the Constitution, and as there has been no specific appropriation of such fund within the last two years, its disbursement in the manner you outline would be illegal.

In Conference Opinion No. 3048, addressed to Honorable Tom C. King, State Auditor, it was, in effect, held that Article 4388, as amended by Chapter 242 of the Acts of the 42nd Legislature, does not authorize the placing in a suspense fund in the State Treasury fees such as the examination fees in question, the status of such fees not being undetermined, and no dispute or protest having been made by the parties who paid such fees. A copy of Opinion No. 3048 is also enclosed herewith.

For the reasons stated, you are advised that the method proposed in your letter for the handling of

Hon. Bascom Giles - Page 5

the fees in question does not comply with the law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert E. Kepke
Assistant

REK:BT

APPROVED SEP 23, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY